# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JACQUELINE M. DUNCAN, | * |
| | *    No. 16-1367V |
|     Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | *    Filed: September 7, 2022 |
| | * |
| SECRETARY OF HEALTH | *    Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
|     Respondent. | * |

* * * * * * * * * * * * * * * * * * * * *

Braden A. Blumenstiel, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner;
Traci R. Patton, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Jacqueline Duncan's motion for final attorneys' fees and costs. She is awarded **$52,623.74**.

\*    \*    \*

On October 19, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the human papillomavirus vaccination she received on October 28, 2013, significantly aggravated her underlying pediatric autoimmune neuropsychiatric disorder associated with streptococcal infections ("PANDAS"). A more detailed explanation of the procedural history of this case is available in the undersigned's decision denying compensation. Briefly, once respondent indicated he did not believe compensation was appropriate, petitioner submitted a letter from Dr. Michael Joseph, one of treating physicians, and an expert report from Mr. James Lyons-Weiler, who has a Ph.D. in ecology but is not a medical doctor. Thereafter the undersigned issued an order to show cause on February 24, 2020, indicating that if she failed to present "a credible, competent, and complete opinion to support her claim that the HPV vaccination significantly aggravated her PANDAS," then her claim would be dismissed. After several extensions of time, petitioner filed a response to the show cause order indicating that she intended to file an updated report from Dr. Joseph. Respondent replied, indicating the case should be dismissed because petitioner had failed to present any evidence to carry her burden of proof. Petitioner failed to file anything thereafter and the undersigned issued his decision dismissing the petition on October 19, 2020. 2020 WL 6738118 (Fed. Cl. Spec. Mstr. Oct. 19, 2020).

Petitioner filed a motion for review of the dismissal decision on November 18, 2020. Oral argument was held on March 30, 2021. On April 19, 2021, the Court denied petitioner's motion for review. 153 Fed. Cl. 642.

On October 16, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."), requesting a total of $77,657.96, comprised of $76,453.42 in attorneys' fees and $1,204.54 in attorneys' costs. On October 29, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

The undersigned issued an order on July 21, 2022, requesting additional information from petitioner in support of her fees motion, including invoices/receipts of costs incurred, a detailed breakdown of expert costs, and a General Order No. 9 statement. Petitioner made her responsive filing on August 18, 2022, indicating that counsel was unable to support two of the requested costs and therefore waives them, bringing the requested attorneys' costs to $1,138.98 and the total amount requested to $77,592.40. Pursuant to General Order No. 9,

petitioner has indicated she has not personally incurred any costs. Respondent did not file a response to this filing.

*     *     *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Resp't's Resp., filed Oct. 29, 2021, at 2. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia

and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Mr. Braden Blumenstiel, $225.00 per hour for all work performed in this case (from 2018-2021); and for Mr. James Blumenstiel, $225.00 per hour for all work performed in this case in 2016 and 2017. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel for their Vaccine Program work. See, e.g. Howie v. Sec'y of Health & Human Servs., No. 16-1575V, 2022 WL 1553044 (Fed. Cl. Spec. Mstr. Apr. 22, 2022); Lawrence v. Sec'y of Health & Human Servs., No. 14-835V, 2021 WL 5410246 (Fed. Cl. Spec. Mstr. Oct. 27, 2021). Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that several reductions are necessary to the billed hours. First, concerning the entries of Mr. Braden Blumenstiel, the undersigned has noted three entries which appear to be included in error. On May 26, 2017, and May 10, 2018, counsel included entries for expenses which have not been supported by the necessary documentation (one of the costs was for medical records, the other cost was for a meal which counsel also included as part of the costs and later declined to seek reimbursement for in the supplemental filing). These costs were included in the total for attorneys' fees and shall not be reimbursed, resulting in a reduction of $118.67. There is also an entry on October 20, 2020, in which a paralegal billed 0.6 hours on "Reading Order of dismissal and denial of compensation" but inadvertently billed at an hourly rate of $14,500.00 (the undersigned presumes this time was meant to be billed at the established paralegal rate of $145.00 per hour). This has led to an overbilling of $8,613.00 which shall also be reduced from the final award.

Additionally, some general billing issues necessitate a reduction. One issue is that Mr. Blumenstiel has billed large amounts of time combining many tasks into

4

a single entry. For example, on July 6, 2018, he billed 5.6 hours to "Review medical records and file and prepare material for experts" and on July 8, 2018, he billed 7.1 hours for "Reviewed and summarized medical records. Prepared letter for Obtaining expert opinion." Fees App. Ex. 3, at 2. It would be helpful for Mr. Blumenstiel to describe which records he was reviewing so the undersigned could assess whether the time expended was reasonable. See Order regarding Attorneys' Fees, issued Oct. 25, 2016 (warning against block billing). Excessive time was spent on several occasions drafting routine one page status reports (examples on 7/25/19, 5/18/20, 7/31/20). Other minor issues include time spent on administrative tasks, such as filing documents, and a component of a billing entry on November 25, 2019, when counsel drove to a doctor's office to obtain a report but did not bill this time at half his hourly rate.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). The undersigned shall therefore, in the exercise of his discretion in setting reasonable fees to be awarded, reduce the request for attorney fees by fifteen percent, resulting in a further reduction of $5,114.32. See Fields v. Sec'y of Health & Hum. Servs., No. 17-1056V, 2022 WL 3569300, at *2-3 (Fed. Cl. Spec. Mstr. July 27, 2022) (citing cases in which fee adjudicators reduced requests by various percentages), mot. for rev. denied on other grounds, slip op. (Aug. 23, 2022).

Turning next to the hours billed by petitioner's former counsel, Mr. James Blumenstiel, the undersigned has noted several issues which require an overall reduction. Mr. Blumenstiel billed time traveling to and from various appointments at his full hourly rate, billed paralegal and administrative tasks such as acquiring medical records and bates stamping and scanning those records at an attorney hourly rate, and in general spent an excessive amount of time drafting routine notices of filing and status reports (entries on 3/9/17, 3/21/17, 4/7/17, 4/20/17, 4/24/17, 5/1/17, 5/12/17, 6/13/17, 6/16/17). All of these issues have been noted previously by other special masters concerning Mr. Blumenstiel's billing. Howie, 2022 WL 1553044 at *1; Bailey v. Sec'y of Health & Human Servs., No. 15-1417V, 2021 WL 4270225, at *2 (Fed. Cl. Spec. Mstr. Aug. 18, 2021); Lawrence, 2021 WL 5410246 at *2-3. For these issues, the undersigned finds it necessary to reduce Mr. James Blumenstiel's time by thirty percent, a reduction of $10,087.87.

Petitioner is therefore awarded final attorneys' fees of $52,519.56.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,138.98 in attorneys' costs. This amount is mostly attributable to an "expert review fee" with the remainder comprised of acquiring medical articles. The costs for the articles are reasonable and supported with adequate documentation and shall be reimbursed. The expert review fee, however, is so vague and uncertain, even after petitioner filed her supplement in support of the cost, that it cannot be reimbursed.

Petitioner's motion requests $1,034.80 for "J. Duncan: Expert review fee." Fees App. Ex. 1 at 10.[2] No additional support of this cost was included. The undersigned's order on July 21, 2022, noted this issue and stated that "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees – in particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task and the hourly rate billed at."[3] Petitioner filed her supplement supporting the requested costs on August 18, 2022. In this filing, petitioner states that "Please note (on Ex. 2) that the 7/12/2019 expenditure of $2,069.60 is double the amount of the Expert Review Fee. Counsel believes the $2,069.60 represents the fees for experts to review two different cases. Thus, he is only seeking half of the expense on this case." Supplement at 1. What petitioner has attached as exhibit 2 is a printout of a Chase ATM & Debit Card statement, showing a charge on 7/12/2018 in the amount of $2,069.60 for "07/11 Ammedicale 7039327777 VA Card 7971." Supplement Ex. 2 at 2.

This documentation is wholly deficient. Petitioner has failed to provide an invoice from the expert which contains a breakdown of the work performed, the time expended on that work, and the hourly rate billed for that work, as requested twice by the undersigned. Nowhere in the fees motion or supplement does it explicitly state who performed the work petitioner now seeks reimbursement for, leaving the undersigned to at best infer that it is for Mr. Lyons-Weiler. Petitioner is

---

[2] The undersigned presumes that based on the date this cost was incurred (July 11, 2018), that this is for work performed by Mr. Lyons-Weiler and not petitioner's other medical expert, Dr. Joseph, because on that same day petitioner filed a status report indicating that she had found an expert to opine on her case and on November 27, 2018, petitioner ultimately filed an expert report from Mr. Lyons-Weiler.

[3] The requirements for an appropriate expert invoice were also covered in the undersigned's Order Regarding Expert Reports, issued August 8, 2017.

not even certain that the amount billed to this case is correct ("Counsel *believes* the $2,069.60 represents the fees for experts to review two different cases.") (emphasis added). Petitioner was notified on several occasions of the requirements necessary to receive reimbursement for expert work in the Vaccine Program and has failed to provide that information. Accordingly, the cost for expert review cannot be reimbursed.

Petitioner is therefore awarded final attorneys' costs of $104.18.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$52,623.74** (representing $52,519.56 in attorneys' fees and $104.18 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Braden Blumenstiel.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.